**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 11-4968

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

ISIDRO ZAPATA-CALZADA,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Henry E. Hudson, District Judge. (3:11-cr-00132-HEH-1)

Submitted: April 24, 2012          Decided: May 4, 2012

Before WILKINSON, NIEMEYER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Valencia D. Roberts, Assistant Federal Public Defender, Patrick L. Bryant, Appellate Attorney, Richmond, Virginia, for Appellant. Neil H. MacBride, United States Attorney, S. David Schiller, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Isidro Zapata-Calzada pled guilty to illegal reentry after removal following conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(2) (2006). At sentencing, the district court departed upward from Zapata-Calzada's initially calculated Guidelines range of forty-one months to fifty-one months, and sentenced him to sixty-five months' imprisonment. On appeal, Zapata-Calzada argues that his sentence is procedurally and substantively unreasonable. Specifically, he claims that the district court imposed an upward variance without sufficient basis and that, after varying upward to a new Guidelines range, the court failed to adequately explain its decision to impose a sentence in the middle of that range. We affirm.

As this court has explained, "no matter what provides the basis for a deviation from the Guidelines range[,] [it] review[s] the resulting sentence only for reasonableness." United States v. Evans, 526 F.3d 155, 164 (4th Cir. 2008) (citing Gall v. United States, 552 U.S. 38, 50 (2007)). In doing so, this court applies an abuse-of-discretion standard. Gall, 552 U.S. at 51. This review involves two steps: under the first, the court examines the sentence for significant procedural errors, and under the second, the court reviews the

substance of the sentence. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (examining Gall, 552 U.S. at 50-51).

When the district court imposes a departure or variance sentence, this court considers whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range. United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007). The district court "has flexibility in fashioning a sentence outside of the Guidelines range," and need only "set forth enough to satisfy the appellate court that it has considered the parties' arguments and has a reasoned basis" for its decision. United States v. Diosdado-Star, 630 F.3d 359, 364 (4th Cir.) (citing Rita v. United States, 551 U.S. 338, 356 (2007)), cert. denied, 131 S. Ct. 2946 (2011).

On appeal, Zapata-Calzada first argues that the district court's upward departure by two criminal history categories was not warranted. The district court noted that Zapata-Calzada's immediate return to the United States after deportation, which occurred following his release from a three-year sentence imposed after his conviction for aggravated sexual battery of a child less than thirteen years of age, was not adequately reflected in the initially calculated Guidelines range. The court then integrated consideration of the 18 U.S.C.

§ 3553(a) (2006) factors and concluded, in Zapata-Calzada's case, criminal history categories II and III were inadequate to promote respect for the law, provide for deterrence, protect the community, and reflect the nature and circumstance of the offense of conviction. It subsequently determined that the goals of 18 U.S.C. § 3553(a) could best be achieved at a total offense level of twenty-one, a criminal history category of IV, and a resulting Guidelines range of fifty-seven to seventy-one months' imprisonment. We hold that the sentence is substantively reasonable in light of the seriousness of Zapata-Calzada's criminal history and the district court's reasoned analysis of the relevant § 3553(a) factors. See Diosdado-Star, 630 F.3d at 365-66 (finding that the method of deviation from the Guidelines range — whether by a departure or by varying — is irrelevant so long as at least one rationale is justified and reasonable).

Zapata-Calzada also argues the sentence imposed is procedurally unreasonable as the district court failed to provide a sufficient explanation for the sentence it ultimately imposed. The reasons articulated by the district court for a given sentence need not be "couched in the precise language of § 3553(a)," so long as the "reasons can be matched to a factor appropriate for consideration . . . and [are] clearly tied [to

4

the defendant's] particular situation." <u>United States v. Moulden</u>, 478 F.3d 652, 658 (4th Cir. 2007).

It is apparent from the record that the district court considered both parties' arguments and had a reasoned basis for its variance from the Guidelines range. The district court was most concerned with the repetitive nature and circumstances of the offense, and specifically rejected Zapata-Calzada's claim that the originally calculated Guidelines range provided satisfactory and appropriate punishment that was sufficient but not more than necessary to punish the offense of conviction. The court determined that a variance sentence was required to satisfy the objectives of § 3553(a); the sentence imposed was necessary to deter Zapata-Calzada and others from illegally reentering the United States; and the sentence was necessary to promote respect for the law and to protect the citizens of the United States. The district court concluded that a Guidelines range of fifty-seven to seventy-one months was adequate to serve the purposes of 18 U.S.C. § 3553(a), and we conclude the district court did not commit any "significant procedural error" in choosing a sentence in the middle of that range. <u>See</u> <u>Gall</u>, 552 U.S. at 51.

Because the district court did not abuse its discretion in imposing a sixty-five-month sentence, we affirm the judgment of the district court. We dispense with oral

5

argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED